IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER, | No. 2:12-CV-2677-MCE-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| DEUEL VOCATIONAL INSTITUTION, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

1  Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the
2  reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma
3  pauperis unless the imminent danger exception applies.  Dismissed habeas petitions do not count
4  as "strikes" under § 1915(g).  See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005).
5  Where, however, a dismissed habeas action was merely a disguised civil rights action, the district
6  court may conclude that it counts as a "strike."  See id. at n.12.

7        A review of the court's records reflects that plaintiff has had three or more cases
8  dismissed as "strikes" under § 1915(g).[1]  Three such cases are: Weaver v. Tehachapi
9  Confinement SHU, 1:06-CV-0341-AWI-LJO-P; Weaver v. California Correctional Institution,
10 1:06-CV-0863-OWW-SMS-P; and Weaver v. California Correctional Institution, 1:06-CV-1205-
11 AWI-SMS-P.  Because plaintiff has had three or more cases dismissed as "strikes," and because
12 a review of the complaint does not suggest the applicability of an exception, he cannot proceed
13 without pre-payment of the statutory filing fees.

14       When in forma pauperis status is denied, revoked, or otherwise unavailable under
15 § 1915(g), the proper course of action is to dismiss the action without prejudice to re-filing the
16 action upon pre-payment of fees at the time the action is re-filed.  In Tierney v. Kupers, the Ninth
17 Circuit reviewed a district court's screening stage dismissal of a prisoner civil rights action after
18 finding under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis.  See 128
19 F.3d 1310 (9th Cir. 1998).  Notably, the district court dismissed the entire action rather than
20 simply providing the plaintiff an opportunity to pay the filing fee.  The Ninth Circuit held that the
21 plaintiff's case was "properly dismissed."  Id. at 1311.  Similarly, in Rodriguez v. Cook, the
22 Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded

---

[1] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes" provision.  See 169 F.3d 1176 (9th Cir. 1999).  Again, rather than providing the inmate appellant an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated that the appellant "may resume this appeal upon prepaying the filing fee."

This conclusion is consistent with the conclusions reached in at least three other circuits.  In Dupree v. Palmer, the Eleventh Circuit held that denial of in forma pauperis status under § 1915(g) mandated dismissal.  See 284 F.3d 1234 (11th Cir. 2002).  The court specifically held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because "[h]e must pay the filing fee at the time he *initiates* the suit."  Id. at 1236 (emphasis in original).  The Fifth and Sixth Circuits follow the same rule.  See Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996); In re Alea, 86 F.3d 378 (6th Cir. 2002).

Based on the foregoing, the undersigned recommends that this action be dismissed without prejudice to re-filing upon pre-payment of the filing fees.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 3, 2013

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE